UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00572-FDW

| | |
|---|---|
| EDDIE LEVORD TAYLOR, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>KATHERINE L. HERDY, et al., )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court upon initial review of Eddie Levord Taylor's unsigned, pro-se pleading, which this Court construes as a Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254. (Doc. No. 1.) Also before the Court are Petitioner's Application to Proceed without Prepayment of Fees and Costs ("IFP Application") (Doc. No. 2), Motion for Appointment of Counsel (Doc. No. 3), and Request for Production of Documents (Doc. No. 7).

I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina, who, on January 27, 2012, in Mecklenburg County Superior Court, was convicted after trial by jury of possession of stolen goods, larceny after breaking or entering, breaking or entering, and attaining the status of habitual felon. State v. Taylor, 741 S.E.2d 512, at *1 (N.C. Ct. App. 2013) (unpublished). The trial court arrested judgment on the conviction for possession of stolen goods and sentenced Petitioner as a habitual felon to two concurrent terms of 146 to 185 months imprisonment. Id. On April 2, 2013, the North Carolina Court of Appeals filed an opinion finding no error. Id.

On February 19, 2014, Petitioner filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in this Court, challenging his January 27, 2012 judgments. Pet., Taylor v. Daniels, Civ.

1

No. 3:14-cv-00079-FDW (W.D.N.C.), Doc. No. 1. Among Petitioners claims were that documents in his case were fictitious, statements were falsified, and he was maliciously and vindictively prosecuted. Id. On August 15, 2014, the Court granted the State's motion for summary judgment and denied and dismissed the habeas petition. Order, id. at Doc. No. 17.

On January 4, 2016, Petitioner filed a Complaint pursuant to 42 U.S.C. § 1983, naming a number of Defendants, and alleging that certain procedural aspects of his 2012 case were unconstitutional.[1] Compl., Taylor v. Maher, et al., Civ. No. 3:16-cv-00002-FDW (W.D.N.C.), Doc. No. 1. Specifically, Petitioner asserted that he was "seized and erroneously and maliciously prosecuted using [Defendants'] forged fraudulent documents/forms[.]" Compl. 5, id. The Court concluded that Petitioner's claims were barred by the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994), and dismissed the Complaint without prejudice on January 5, 2016. Order, id. at Doc. No. 3.

Petitioner filed the instant action in the United States District Court for the Eastern District of North Carolina on February 6, 2017. (Doc. No. 1.) That court transferred it here, where venue is proper, on September 26, 2017. (Doc. No. 9.) To the extent the pleading is comprehensible, Petitioner challenges his 2012 judgments on the grounds that his convictions were fraudulently obtained, his indictments were fictitious, the allegations against him were false, and his convictions violated the double jeopardy and equal protection clauses. Although Petitioner filed this action as a civil complaint, the Court construes it as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 because it attacks the validity of Petitioner's state

---

[1] Plaintiff filed a similar action in this Court on March 25, 2014, naming some of the same Defendants, and on April 4, 2014, this Court dismissed that action without prejudice as barred by Heck v. Humphrey, 512 U.S. 477 (1994). Order, Taylor v. Boner, Civ. No. 3:14cv131-FDW (W.D.N.C.), Doc. No. 6.

court judgments and seeks to have those judgments vacated. (Doc. No. 1 at 5.)

**II.  STANDARD OF REVIEW**

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the court must dismiss the motion. Id.

**III.  DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 expressly limits a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings. If a federal district court denies or dismisses a state prisoner's § 2254 petition with prejudice, the prisoner generally may not file another § 2254 petition challenging the same state criminal judgment unless he has obtained permission to do so from the appropriate federal court of appeals. See 28 U.S.C. § 2244(b)(3)(A). If the prisoner files a subsequent § 2254 petition without authorization from the appropriate federal court of appeals, the district court is required to dismiss the petition without considering its merits. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).

Petitioner has not demonstrated that he has obtained the required authorization from the Fourth Circuit Court of Appeals to file a successive habeas petition challenging his January 2012 judgments. See § 2244(b)(3)(A). Consequently, the instant Petition must be dismissed. See

Burton, 549 U.S. at 153; Winestock, 340 F.3d at 205.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus, 28 U.S.C § 2254, (Doc. No. 1) is **DISMISSED without prejudice** as an unauthorized, successive habeas petition;

2. Petitioner's IFP Application (Doc. No. 2) is **GRANTED**;

3. Petitioner's Motion for Appointment of Counsel (Doc. No. 3), and Request for Production of Documents (Doc. No. 7) are **DENIED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: September 29,

Frank D. Whitney
Chief United States District Judge